# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

EDWARD CYRUS,

    PLAINTIFF

vs.

PORTFOLIO RECOVERY
ASSOCIATES, L.L.C,

    DEFENDANT

DOCKET NO. _____

**CIVIL COMPLAINT**

**JURY TRIAL DEMANDED**

Parties

1. The Plaintiff, Edward Cyrus, is a natural person residing in the City of Springfield, Massachusetts and a citizen of the United States.

2. The Defendant, Portfolio Recovery Associates, Inc., is a United States corporation with its main place of business in Norfolk, Virginia, and is licensed as a debt collector in the Commonwealth of Massachusetts.

3. At all relevant times, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

4. 9. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant.

Jurisdiction

5. Jurisdiction is based upon the case falling within the realm of federal question jurisdiction. The alleged violations are civil actions arising under the Constitution and laws of

the United States, and they are governed by 15 U.S.C. §1692 (hereinafter, also referred to as the 'Fair Debt Collections Practices Act' or 'FDCPA'). Venue is requested to be allocated to Springfield, Massachusetts in Hampden County.

    6. The Court also has personal jurisdiction over the Defendant because

        (a) the Defendant is required by Massachusetts law to register as a debt collector in Massachusetts and has done so,

        (b) the Defendant committed the alleged violations over telephone lines with the Plaintiff while the Plaintiff resided in Springfield, Massachusetts, and

        (c) the Defendant has been put on notice by 15 U.S.C. §1692k(d) that lawsuits initiated by the consumer may be brought in any appropriate United States District Court.

### Facts

    7. On April 17, 2012, Plaintiff resided at 20 Emeline Court in Springfield, Massachusetts.

    8. At approximately 10:20 P.M. on April 17, 2012, Defendant initiated a telephone call to Plaintiff regarding an alleged debt, which went unanswered.

    9. At approximately 10:46 P.M. on April 17, 2012, Plaintiff returned the telephone call in order to discover the nature of the call.

    10. An agent of the Defendant answered the return call, indicating the previous phone call had been in regards to debt collection.

    11. Plaintiff notified Defendant's agent during the return call that calls after 9:00 P.M. at the consumer's location constitute a violation of the FDCPA (specifically, 15 U.S.C. §1692c(a)(1)).

12. During the return call, Defendant's agent agreed that calls after 9:00 P.M. at the consumer's location constitute a violation of the FDCPA, and Defendant's agent continued to attempt to collect an alleged debt even after receiving warning and agreeing that the statute applied under the circumstances.

13. On August 25, 2012, Plaintiff sent a letter by U.S. Postal Service certified mail to the Defendant indicating the intent to file a lawsuit and giving the Defendant 30 days in which to respond, which contained the following information:

    a. the name and address of the Plaintiff,

    b. a description of the unfair business practices used,

    c. a description of the injury suffered, and

    d. relief sought by the Plaintiff.

## COUNT I

*Violation of the Federal Fair Debt Collection Practices Act,*

*15 U.S.C. §1692 et seq. against Defendant*

14. In its attempts to collect the debt allegedly owed by the Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

    a. Defendant attempted to communicate with Plaintiff regarding an alleged debt at an unusual time, after 9:00 P.M and before 8:00 A.M, violating 15 U.S.C §1692c(a)(1).

    b. Defendant's agent attempted to communicate with Plaintiff regarding an alleged debt even after Plaintiff had notified said agent that such time was inconvenient and violated the FDCPA, 15 U.S.C. §1692c(a)(1).

## COUNT II

*Violation of Massachusetts Consumer Protection Act,*

*Mass. Gen. Laws ch. 93A et seq. per se against Defendant*

15. Violation of the FDCPA is a per se violation of the Massachusetts Consumer Protection Act, resulting in the Defendant being liable under said act if the alleged violations in Count I are proven. Mass. Gen. Laws ch. 93A, §2.

WHEREFORE, the Plaintiff, Edward Cyrus, respectfully prays for judgment against the Defendant, Portfolio Recovery Associates, Inc., as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00 for each violation of the FDCPA under 15 U.S.C. §1692k(a)(2)(A);

c. Attorney's fees and costs incurred by the Plaintiff under 15 U.S.C. §1692k(a)(3);

d. Exculpatory damages in such amount pursuant to Mass. Gen. Laws ch. 93A, §9(3A) as deemed necessary to punish and prevent such future actions by the Defendant;

e. Any other relief deemed appropriate by this Honorable Court.

The Plaintiff hereby demands a jury trial.

Respectfully submitted,

*Edward J. Cyrus, J*

Edward T. Cyrus, Jr.,
667 Bradley Road
Springfield, MA 01109
(720) 838-0326